NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

JUN 13 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

<table>
<tr><td>FRANK NOORI, on behalf of himself and all others similarly situated,<br><br>               Plaintiff-Appellant,<br><br>  v.<br><br>VIVINT, INC., a foreign corporation doing business in California and DOES, 1 through 10, inclusive,<br><br>               Defendants-Appellees.</td><td>No.   16-56459<br><br>D.C. No.<br>2:16-cv-05491-PA-FFM<br><br><br>MEMORANDUM*</td></tr>
</table>

Appeal from the United States District Court
for the Central District of California
Percy Anderson, District Judge, Presiding

Argued and Submitted February 13, 2018
Pasadena, California

Before: McKEOWN and WARDLAW, Circuit Judges, and QUIST,** District Judge.

Frank Noori ("Noori") appeals the district court's order granting Vivint,

Inc.'s ("Vivint") motion to dismiss for failure to state a claim. Noori argues that

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable Gordon J. Quist, United States District Judge for the Western District of Michigan, sitting by designation.

Vivint violated California employment laws by requesting court records regarding Noori's expunged conviction and then terminating him. We have jurisdiction pursuant to 28 U.S.C. § 1291. We affirm.

California law generally prohibits employers from asking about or taking employment actions based on expunged criminal convictions. Cal. Labor Code § 432.7(a)(1). That general prohibition is inapplicable, however, when an employer is "required by law to obtain information regarding the conviction of an applicant." *Id.* § 432.7(m)(1).

The district court correctly dismissed Noori's claims against Vivint because Vivint was "required by law" to determine whether Noori was a registered alarm agent before assigning him to work. California's Alarm Company Act is clear: "Any alarm agent employee assigned to work must carry either a temporary application for registration or a valid registration." Cal. Bus. & Prof. Code § 7598.7(a). Noori did not have a valid registration when he was scheduled to begin work with Vivint. Although Noori had completed a temporary application for registration, "an employee who has been convicted of a crime prior to applying for registration shall not be issued a temporary application for registration and shall not be assigned to work as an alarm agent until the bureau issues a permanent registration card." Cal. Bus. & Prof. Code § 7598.7(b). No temporary registration shall issue when "the applicant for registration has disclosed the conviction to the

2

bureau on his or her application form . . . ." *Id.* Noori had disclosed the conviction to the registration bureau on his application form, which expressly required disclosure of expunged convictions.

Applying the plain language of the Alarm Company Act, Vivint could not lawfully employ Noori as an alarm agent unless and until the registration bureau issued him a permanent registration card.[1] Hence, Vivint was "required by law" to not employ Noori on his start date.[2] And Vivint's employment offer was "contingent upon" Noori obtaining an alarm agent license. Vivint therefore did not violate the law when it requested court records for Noori's expunged conviction and fired him for being "[u]nable to get licensed."

**AFFIRMED.[3]**

---

[1] Other provisions of the Alarm Company Act support that "conviction"—as used in the Act—includes an expunged conviction. For example, one section grants the bureau broad discretion to deny an applicant's registration: "[A]ny action which the bureau is permitted to take following the establishment of a conviction may be taken . . . irrespective of a subsequent [expungement]." Cal. Bus. & Prof. Code § 7591.10(a)(2). Another provides that the bureau director "shall give special consideration to applicants whose convictions have been dismissed pursuant to [expungement]." *Id.* § 7593.16(b)(1).

[2] Persons who violate the Alarm Company Act or knowingly engage an unlicensed alarm company operator are guilty of a misdemeanor and subject to criminal fines and/or imprisonment. Cal. Bus. & Prof. Code § 7592.2.

[3] Noori did not appeal the dismissal of his claim for wrongful termination in violation of public policy or his claim under the Fair Credit Reporting Act so we need not address them here.

3